## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KAREN DENISE CLARK,** | ) | **CASE NO.  4:08CV3248** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNION PACIFIC RAILROAD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's State Law Claims. (Filing No. 13.) As set forth below, the Motion to Dismiss is granted.

### I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff Karen Denise Clark ("Clark") filed her Complaint in this matter against Union Pacific Railroad ("UP") on December 10, 2008. (Filing No. 1.) After an extension of time, Defendant filed its Motion to Dismiss and an Answer. (Filing Nos. 13 and 16.)

Liberally construed, Clark alleges that UP discriminated against her because of her age in violation of Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Filing No. 1 at CM/ECF p. 7.) Clark also brings state-law claims pursuant to the Nebraska Age Discrimination in Employment Act ("NADEA") and the Nebraska Fair Employment Practice Act ("NFEPA"). (*Id.*) In particular, Clark alleges that UP demoted her from her management position on October 31, 2006. (*Id.*) Clark alleges she also was treated less favorably than younger managers.  For instance, she allegedly was required to report to work earlier than younger managers, was given less training, and was required to memorize and recite details relating to her job while younger managers were allowed to use computers for this purpose. (*Id.*) After demoting Clark, UP hired

several younger and allegedly less-trained managers. In short, Clark contends that she was "set up to fail as a manager because of [her] age." (*Id.*)

UP filed its Motion to Dismiss Plaintiff's State Law Claims on February 2, 2009. (Filing No. 13.) In its Motion, UP argues that Clark's state-law claims are barred because they were not filed within 90 days after the Nebraska Equal Opportunity Commission ("NEOC") issued its final determination on Clark's claims. (Filing No. 14 at CM/ECF pp. 1-2.) Clark filed a Response, arguing that dismissal is not appropriate because her claims were timely filed. (Filing No. 18 at CM/ECF pp. 1-2.)

## II. DEFENDANT'S MOTION TO DISMISS

The parties agree that Nebraska law sets the time limit for bringing a claim under the NADEA and NFEPA as follows:

The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge. When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail, return receipt requested. The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

Neb. Rev. Stat. § 48-1120.01 (2008). Thus, the question before the court is whether Plaintiff filed her claim more than 90 days after Clark received notice of the "last action" that the NEOC would take on the charge.

The NEOC issued its Commission Determination on Clark's claims on July 18, 2008. (Filing No. 15-2, Attach. 2, at CM/ECF p. 1.) In it's Commission Determination, the NEOC stated that it was officially closing Clark's charge. (*Id.*) It further stated:

> The Commission has no appeal process for cases in which there is insufficient evidence to support the charge. This finding of **no reasonable cause** is the final determination of the Commission and completes the

2

> handling of the charge.  The deadline for filing an action in state district court is 90 days after the receipt of this notice.

(*Id.*)  There is no ambiguity in the language set forth in the Commission Determination. The NEOC clearly stated that it would take no further action after the July 18, 2008, Commission Determination and that the deadline for filing an action in court was 90 days from the date of receipt.  Clark filed her Complaint in this court on December 10, 2008, or 145 days after the NEOC's Commission Determination.  (Filing No. 1.)  There is nothing before the court showing that there was any undue delay in Clark's receipt of the Commission Determination, and the court therefore finds that Clark filed her Complaint more than 90 days after the "last action" taken by the NEOC on Plaintiff's charge. Although Clark argues that she timely pursued her claims with the U.S. Equal Opportunity Employment Commission, the court finds that the pursuit of separate federal employment discrimination claims does not toll the 90-day deadline under Nebraska law.  *See Whitner v. Rick's Cafe, LLC*, No. 8:07CV263, 2008 WL 346408, *3 (D. Neb. 2008) (allowing federal employment claims to proceed but dismissing state-law NFEPA claim where the plaintiff failed to file suit within the 90-day period set forth in §48-1120.01).  In light of this, Clark's state-law claims are time-barred and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's State Law Claims (Filing No. 13) is granted.  Plaintiff's state-law claims are dismissed with prejudice; and

2. A separate progression order will be entered progressing Plaintiff's remaining claims to final disposition.

DATED this 18th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge